Estate of Marion B. Gebbie, Deceased, Geraldine G. Bellinger and J. Russell Rogerson, Executors v. Commissioner.
Estate of Marion B. Gebbie v. Commissioner
Docket No. 42220.
United States Tax Court
1954 Tax Ct. Memo LEXIS 302; 13 T.C.M. (CCH) 136; T.C.M. (RIA) 54051; February 12, 1954
*302 Decedent created a trust providing that the income should go to her sister for life, then to her niece for life, the principal then to be distributed in accordance with the sister's will. The trust instrument provided that the sister could terminate the trust in her own favor at any time with the consent of the decedent settlor. Held, the value of the remainder interest in the trust was includible in decedent's estate under section 811 (d) (2) of the Internal Revenue Code. Thorp's Estate v. Commissioner, 164 Fed. (2d) 966, followed. J. Russell Rogerson, Esq., 901 Hotel Jamestown Building, Jamestown, N. Y., for the petitioners. Ellyne E. Strickland, *303 Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $155,112.96 in the estate tax of decedent. The sole issue remaining for decision is whether there should be included in decedent's estate the value of the remainder interest under a trust created by decedent whereunder the life beneficiary was given the right to terminate the trust with the consent of the decedent donor. Other adjustments in the deficiency notice are not contested by petitioner. Findings of Fact All of the facts were stipulated, and they are incorporated herein by this reference. Marion B. Gebbie, the decedent herein, was born on October 19, 1883, and died testate on April 3, 1949, a citizen and resident of the United States. Petitioners are the duly appointed executors under her last will and testament. On December 19, 1935, the decedent, then 52 years of age, created a trust, the principal of which consisted of 258 shares of common stock of Eastman Kodak Company, and 900 shares of the preferred stock and 3,400 shares of the common stock of the Carnation Company. The income from the trust was payable to decedent's sister, Geraldine *304 G. Bellinger, for life, then to decedent's niece, Janet G. Bellinger for life, the principal then to be distributed as directed by the will of Geraldine G. Bellinger. The pertinent provisions of the trust instrument read as follows: "FOUR. SECOND. The donor hereby expressly surrenders all right and power to amend, modify, or revoke this trust, in whole or in part. * * *
"FOUR. EIGHTH. It is expressly understood and agreed that at any time prior to the termination of this trust, as hereinbefore provided, the said Geraldine G. Bellinger, during her lifetime, shall have the right and privilege of terminating the trust herein created, subject only to the consent and approval of the donor, Marion B. Gebbie, during her lifetime. In the event that the said Geraldine G. Bellinger, exercises said right of termination during her lifetime, she shall file with the trustee notice of her election, in writing, properly acknowledged under the laws of the State of New York, and in the event that the said Marion B. Gebbie is then alive, her approval and consent thereto shall also be executed in writing and properly acknowledged under the laws of the State of New York and filed with the trustee. *305 Upon receipt of such notice of election to terminate, properly executed and acknowledged, said trust shall terminate and the trustee hereunder shall thereupon assign, transfer, deliver and pay over the principal of the trust estate or so much thereof as shall remain, to the said Geraldine G. Bellinger, the same to be hers, absolutely and forever." The decedent's estate tax return was timely filed with the collector of internal revenue for the twenty-eighth district of New York. The return was based on values as of the date of the decedent's death and showed a gross estate of $1,257,450.72 and total deductions of $891,123.38 resulting in a tax of $106,802.17. The existence of the above-mentioned trust was mentioned in the estate tax return and a photostatic copy of the trust instrument was annexed thereto, although no part of the value of the trust was included in the return and no amended or supplemental return has been filed. The value of the remainder of the trust was $229,347.81. Opinion ARUNDELL, Judge: The single issue for decision in this case involves the includibility in decedent's estate of the value of a remainder interest in a trust created by decedent some 13 years *306 before her death. Under the terms of the trust, the first life beneficiary was authorized to acquire absolute and unrestricted ownership of the principal by terminating the trust but only with the consent of the decedent settlor, should the latter be living at the time the termination was sought. We think there can be no question as to the correctness of respondent's action in including the stipulated value of the remainder interest in decedent's estate in light of the decision in Thorp's Estate v. Commissioner, 164 Fed. (2d) 966, affirming 7 T.C. 921, certiorari denied 333 U.S. 843. There, under a remarkably similar set of circumstances, the court said: "It is clear that a power of termination is included within the phrase 'power * * * to alter, amend, or revoke,' and also that 'decedent's failure to reserve for himself any beneficial interest or power to recapture one is not controlling.' Commissioner v. Estate of Holmes, 1946, 326 U.S. 480, 66 S. Ct. 257, 261, 90 L. Ed. 228. Taxpayer argues, however, that decedent could take no action of any kind to effect a termination until the life tenants requested a termination, and *307 that consequently decedent merely reserved a kind of veto privilege. We pass the question whether the trust agreement expressly or impliedly prevented decedent from suggesting to the life tenants that they request termination of the trust; for, regardless of who could set in motion the termination machinery, the trust could be terminated only by the action of the decedent in conjunction with others. As a practical matter, to interpret the statutory provision as applying solely when the settlor can take the first step toward terminating the trust would be to sanction 'elusive and subtle casuistries which may have their historic justification but possess no relevance for tax purposes.' Helvering v. Hallock, 1940, 309 U.S. 106, 118, 60 S. Ct. 444, 450, 84 L. Ed. 604, 125 A.L.R. 1368. We believe the Tax Court to have been fully justified in treating the reserved right of decedent as the kind of 'power' contemplated by Section 811 (d) (2) of the Internal Revenue Code." It follows that the deficiency as determined by respondent is correct. Decision will be entered for the respondent.